CARLOS JATO, State Bar No. 282710
819 Eddy Street
San Francisco, CA 94109
Tel: 415.771.6174
Fax: 415.474.3748
E-mail: cgjato@jato-law.com

Attorney for Plaintiffs MICAELA VIERA, NACHO DEL VILLAR

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAELA VIERA, NACHO DEL VILLAR<br><br>　　　　Plaintiff,<br><br>-vs-<br><br>SAMUEL ELIAS SCHACHTER and RATCHET CONSTRUCTION LLC<br><br>　　　　Defendants. | Case No. 23-578<br><br>COMPLAINT FOR DAMAGES |

1.　　Plaintiff MICAELA VIERA, NACHO DEL VILLAR (hereinafter referred to as Plaintiffs) allege as follows against SAMUEL ELIAS SCHACHTER and RATCHET CONSTRUCTION LLC (hereinafter "Defendants"):

**JURISDICTION AND VENUE**

2.　　Jurisdiction for this action arises from the Fair Labor Standard Act, 29 USC 203 et seq Plaintiffs.

3.　　In addition, this court has jurisdiction under 28 USC 1332 because the amount in controversy exceeds $75,000.00, Plaintiffs are citizens of Argentina and Defendants are citizens of the State of California.

**COMMON ALLEGATIONS TO ALL CAUSES OF ACTION**

4.　　Plaintiffs worked as cannabis trimmers in the job market of northern California through a job network. Each and every defendant used the same job network knowing that the

workers from that job network from citizens of foreign countries. Upon information and belief, each and every defendant engaged the work of the plaintiffs and other cannabis trimmers from the "job network" with the belief that Plaintiffs would not be subject to of protected by the FLSA and the California Labor Code.

5. SAMUEL ELIAS SCHASCHTER conducts a cannabis growing operation in 2158 ELDERBERRY LANE WEAVERVILLE CA 96106. SCHASCHTER conducts his cannabis business through the entity RATCHET CONSTRUCTION LLC.

6. At all times relevant to this lawsuit SCHASCHTER was the owner, director, officer, or managing agent of RATCHET CONSTRUCTION LLC and when reference is made to any act SCHACHTER or RATCHET CONSTRUCTION LLC such allegations shall mean that agents, employees or representatives of each and every one of these defendants authorized, ratified, approved such acts, or negligently failed and omitted to supervise its employees and agents while engaged in the management, direction, operation or control of the affairs of the business and did so while acting within the course and scope of its employment or agency. SCHCHTER and RATCHET CONSTRCUTION LLC did set all policies regarding compensation of employees. Furthermore, Plaintiffs are informed and believe and thereupon further alleges that Defendants are responsible for setting employment policy, have operational control of payroll and other employment practices and policies, including but not failing to set overtime pay policies, paystubs and record-keeping policies, meal and rest break policies and sick-leave policies. Defendants failed deliberately to pay the wages and provide the law-mandated wages and benefits as described in this complaint. Defendants did so as an attempt to increase the profits of their business in conscious disregard of plaintiffs' rights under the law upon the belief that Plaintiff would not receive the protection of the FLSA or the California Labor Code.

7. VIERA and DEL VILLAR worked for SCHACHTER and RACHET CONSTRUCTION LLC in 2021 and 2022 primarily in the cannabis growing operation. VIERA and DEL VILLAR were promised to receive a compensation of $21/hour for VIERA and $20/hour for DEL VILLAR.  Based on that promise, VIERA and DEL VILLAR worked long

2

work schedules. In total, VIERA estimates working approximately 1,400 hours and DEL VILLAR estimates working 936 hours. On occasion, VIERA and DEL VILLAR had no opportunity and were not authorized or permitted to take a 10-minute break or their 30-minutes off-duty lunch break. By late January 2022, SCHACHTER failed to pay any wages for the hours of work performed by VIERA and DEL VILLAR as stated above. SCHACHTER, like the other defendants openly threatened VIERA in order to dissuade her from seeking legal action to receive payment for her work. Upon information and belief there are dozens of other workers who have suffered the same or substantially similar work conditions as alleged herein for the named plaintiffs.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR LABOR STANDARDS ACT 28 USC 203 et seq.**
**(FAILURE TO PAY MINIMUM WAGE AND OVERTIME WAGES)**
**VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC**

8. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-7 inclusive as if set forth at length herein i*n haec verba.*

9. The FLSA (29 USC 203 et seq.) provides the minimum standards of compensation for workers in the United States. By Defendants soliciting the work of the plaintiffs, they are engaged in commerce, in the production of goods for commerce, set labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States and foreign countries; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce.

10. 29 USC 207 provides that no employer shall employ any of his employees for a

workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed. The FLSA also provides that no employee shall be employed without being compensated the minimum wage. Each and every defendant violated these provisions when they refused to compensate plaintiffs for their work at their cannabis operations.

11. Under 29 USC 2016 plaintiffs seek the unpaid minimum wages and overtime wages plus an equal amount as liquidated damages and an award of reasonable attorneys fees and costs. Upon information and belief, there are dozens of workers who have suffered the same work conditions as alleged herein. Pursuant to 29 USC 216(b), plaintiffs will turn the allegations in this complaint into a collective action on behalf of other employees who are currently not a plainitff by filing the requisite individual consents as provided under 29 USC 216(b).

## SECOND CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LABOR CODE SEC. 226)

## VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC

12. Plaintiffs incorporate herein all of the allegations, averments and matters contained in paragraphs 1-11 inclusive as if set forth at length herein i*n haec verba.*

13. Labor Code Section 226 requires all employers to provide each employee at the time of the payment of wages with a detachable part of the check, draft or voucher paying the employees' wages which shows (1) total hours worked by the employee (2) all deductions made from wages (3) new wages earned (4) pay period beginning and end dates (5) employer's company legal name and address (6) all applicable hourly rates in effect during the pay period and number of hours the employee worked at each hourly rate or (7) How many days of sick leave an employee has available.

14. Defendants violated this Labor Code section and injured plaintiffs and each of them who were not provided with a statement as described in the preceding paragraph such that Plaintiffs were unable to determine if they were accurately paid for all work performed or all

4

benefits they were entitled to. The failure described herein, includes but it is not limited to listing each and every hour of pay for each and every hour they missed their meal or rest break.

15.     As a result of said violations of Labor Code Section 226, plaintiffs have suffered actual injury and are entitled to recover for those actual damages statutory penalties, as well as reasonable attorney's fees and costs.

## THIRD CAUSE OF ACTION

## (FAILURE TO PAY OVERTIME WAGES PURSUANT TO CALIFORNIA LABOR CODE §510 and 1198)

## VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC

16.     Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 11 inclusive as if set forth at length herein in *haec verba*.

17.     Defendants failed and refused to pay plaintiff's overtime due for time worked in excess of eight hours per day or on the 7th day of work.

18.     Labor Code §1198 provides that it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable wage order.

19.     At all times relevant herein, the Industrial Welfare Commission Wage Orders and Labor Code 510 applied to the employment of plaintiff by defendants. Said wage order and Labor Code section provide that any employee employed for more than 8 hours a day or 40 hours per week are to be paid at the rate of 1.5 times the regular rate for hours in excess of 8 per day or 40 per week, and for every hour on the seventh or more consecutive day of work, and 2.0 times the normal rate for hours worked over 12 or in excess of 8 on the seventh consecutive day of work.

20.     Pursuant to Labor Code 1194(a), Plaintiff is entitled to recover his unpaid overtime premium plus reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION

## (FAILURE TO AFFORD BREAKS AND MEAL PERIODS - CALIFORNIA LABOR

CODE § 226.7)

**VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC**

21.    Plaintiff incorporates by reference all of the allegations, averments and matters contained in paragraph 1 through 11 inclusive as if set forth at length herein in *haec verba*.

22.    Defendants routinely failed to provide Plaintiffs with a 30-minute unpaid meal period in the first five (5) hours of work in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at the regular rate of compensation (but not less than minimum wage) for each workday that the meal period was not provided.

23.    Defendants routinely failed to authorize and/or permit a 10-minute paid rest period for each four (4) hour period of work, in compliance with IWC Orders and Labor Code § 226.7. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount of not less than one additional hour of pay at the regular rate of compensation (but not less than minimum wage) for each workday that the rest period was not provided.

24.    Defendants' policy and practice of denying Plaintiff's meal and rest periods constitutes a willful violation of California Labor Code § 226.7.  Plaintiffs have sustained damages as a direct and proximate consequence of the Defendant's willful and illegal conduct, to wit, they have been forced to work throughout the day, every day, without being allowed to take a meal period and a rest period.

## FIFTH CAUSE OF ACTION

**(FAILURE TO PAY MINIMUM WAGES PURSUANT TO §510 and 1194)**

**VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC**

25.    Plaintiff re-alleges and incorporates herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-11.

26.    Defendants failed and refused to pay plaintiffs the agreed upon wages for the

regular hours they worked. This in turn also means that defendants failed to compensate plaintiffs for the California law mandated minimum wage at the time the work took place.

27. Labor Code §1197 provides that it is unlawful to employ persons without compensating them with the California minimum wage in effect at the time.

28. Pursuant to Labor Code 1194.2(a), Plaintiffs are entitled to recover the unpaid minimum wage, an equal amount of liquidated damages plus reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

## (LATE PAYMENT OF WAGES PURSUANT LABOR CODE §201-203)

## VIERA AND DEL VILLAR AGAINST SCHACHTER AND RATCHET CONSTRUCTION LLC

29. Plaintiff incorporates herein all of the allegations, averments and matters contained in paragraphs 1-31 inclusive as if set forth at length herein i*n haec verba.*

30. Defendants and each one of them willfully failed to pay all monies due at the termination of the employment relationship either immediately or within 72 hours, pursuant to Labor Code Section 201.

31. Plaintiffs are entitled to thirty days of pay at the regular daily rate in addition to all other relief sought herein, pursuant to Labor Code Section 203.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE 558.1

## VIERA AND DEL VILLAR AGAINST SCHACHTER

32. Plaintiffs re-allege and incorporate herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-34.

33. Under Labor Code 558.1, each of the individual defendants were either an employer or acted on behalf of an employer in causing Labor Code sections 201-208, 226, 226.7, 510, 512, 558, 1194, 1198, 1197, 1194 to be violated.

34. SCHACHTER, MCKINNEY and ARRASTION were officers, directors, managing agents and owners of the corporate defendant. at all relevant times. Each of them

7

caused every violation of law alleged in this complaint to be violated.

## EIGTH CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200 *et seq.*

## ALL PLAINTIFFS AGAINST ALL DEFENDANTS

35. Plaintiff re-alleges and incorporate herein by this reference as though set forth at length each and every allegation contained in paragraphs 1-37.

36. Defendant's violations of Labor Code §201, §202, §203, §221, §224, 226, 226.7, 510, 1198, 2802, 29 USC 201 et seq., constitute unlawful, illegal and unfair business practices in violation of California Business and Professions Code §17200 et seq.

37. Pursuant to Business and Professions Code §17203, Plaintiff is entitled to equitable restitution of all sums unlawfully denied to him. Plaintiff also seek an order requiring Defendants to disgorge all unlawful profits made as a result of the unfair/illegal business practices alleged herein, at least to the extent necessary to compensate them in full for monies owed to plaintiff under the cited statutes.

38. Finally, plaintiffs seek an injunction against all defendant ordering each defendant to cease the unfair, deceitful and fraudulent practices alleged herein.

**WHEREFORE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES [EXEPT THE EIGTH CAUSE OF ACTION] AND PRAY JUDGMENT AS FOLLOWS:**

1. Damages and penalties in the amount of $80,000.00 to each Plaintiff

3. Interest on all sums awarded;

4. Costs of suit and Attorney's fees incurred;

5. Such other, and/or further relief as is just and proper.

Dated: June 15, 2023

CARLOS JATO, Attorney for Plaintiffs
MICAELA VIERA, NACHO DEL VILLAR